UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
NATACHA TELEMAQUE and NICOLE JONES,

                Plaintiffs,                      **COMPLAINT AND JURY DEMAND**

      -against-

THE CITY OF NEW YORK, POLICE OFFICER JOEL RODRIGUEZ (SHIELD NO. 16835), POLICE OFFICER JOSEPH SFERRAZZA (SHIELD NO. 19668), and Police Officers JOHN DOE No.1 through 5 in their individual and official capacities as employees of the City of New York,

                Defendants.
---------------------------------------------------X

The Plaintiffs, NATACHA TELEMAQUE and NICOLE JONES by their attorney, The Rameau Law Firm, allege the following, upon information and belief for this Complaint:

## INTRODUCTION

1. This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, the Fourth and Fourteenth Amendments of the United States Constitution, Article I Sections 6, 11, and 12 of the Constitution of the State of New York, and the common law of the State of New York, against the police officers mentioned above in their individual capacities, and against the City of New York.

2. It is alleged that the individual police officer defendants made an unreasonable seizure of the person of plaintiffs, violating their rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution,

Plaintiff. It is further alleged that these violations and torts were committed as a result of policies and customs of the City of New York.

3. Plaintiffs seek compensatory and punitive damages, affirmative and equitable relief, an award of attorneys' fees and costs, and such other relief as this Court deems equitable and just.

4. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

5. This action has been commenced within one year and ninety days after the happening of events upon which the claims are based.

## JURISDICTION

6. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1343. Plaintiffs also assert jurisdiction over the City of New York under 28 U.S.C. §§ 1331 and 1367. Plaintiffs request that this Court exercise pendent jurisdiction over any state law claims arising out of the same common nucleus of operative facts as plaintiffs' federal claims.

## VENUE

7. Under 28 U.S.C. § 1391(b) and (c) venue is proper in the Eastern District of New York.

## PARTIES

8. Plaintiffs Natacha Telemaque and Nicole Jones are residents of the Kings County in the State of New York and of proper age to commence this lawsuit.

9. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

10. Defendant Police Officer JOEL RODRIGUEZ, Shield No. 16835, at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant RODRIGUEZ is sued in his individual and official capacities.

11. Defendant RODRIGUEZ at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiffs' rights.

12. Defendant Police Officer JOSEPH SFERRAZZA, Shield No. 19468, at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant SFERRAZZA is sued in his individual and official capacities.

13. Defendant SFERRAZZA at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiffs' rights.

14. At all times relevant defendants John Doe One through Five were police officers, detectives or supervisors employed by the NYPD. Plaintiffs do not know the real names and shield numbers of defendants John Doe One through

Five.

15. At all times relevant times herein, defendants John Doe One through Five were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John Doe One through Five are sued in their individual and official capacities.

16. At all times relevant herein, defendants John Doe One through Five either directly participated or failed to intervene in the violation of plaintiffs' rights.

17. At all times relevant herein, all individual defendants were acting under color of state law.

18. The City of New York (hereinafter "The City") is, and was at all material times, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York. The City operates the N.Y.P.D., a department or agency of defendant City responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

19. The City was at all material times the public employer of defendant officers named herein.

20. The City is liable for the defendant officers' individual actions pursuant to the doctrine of "respondeat superior."

## **FACTUAL ALLEGATIONS**

21. On or about April 30, 2019, Plaintiffs were present inside 541 Lexington Avenue Brooklyn, NY, when defendants forced their way in.

22. With guns drawn, defendants approached, cuffed and dragged plaintiffs to an awaiting police vehicle before transporting plaintiffs to the precinct.

23. At the precinct, the officers falsely informed employees of the Kings County District Attorney's Office that they had observed the plaintiffs committing various crimes. At no point did the plaintiffs commit any crimes.

24. Ultimately, plaintiffs were taken from the police precinct to Kings County Central Booking.

25. All charges against Plaintiffs were false and dismissed months later.

26. At all times during the events described above, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence, support and the authority of their office to each other.

27. All of the above was done in violation of state and federal law.

28. The conduct of the defendants directly and proximately caused a loss of liberty, emotional injury, mental anguish, humiliation and embarrassment.

**FIRST CLAIM**
**False Arrest**

29. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

30. Defendants violated the Fourth and Fourteenth Amendments because they arrested Plaintiffs without probable cause.

31. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

**SECOND CLAIM**
**Denial Of Constitutional Right To Fair Trial**

32. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

33. The individual defendants created false evidence against Plaintiffs.

34. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

35. In creating false evidence against Plaintiffs, and in forwarding false information to prosecutors, the individual defendants violated Plaintiffs' constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

36. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## THIRD CLAIM
**Malicious Prosecution**

37. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

38. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiffs NATACHA TELEMAQUE and NICOLE JONES under 42 U.S.C. § 1983 for the violation of the constitutional right to be free from malicious

prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

39. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiffs of their constitutional rights. The prosecution by defendants of plaintiffs constituted malicious prosecution in that there was no basis for the plaintiffs' arrest, yet defendants continued with the prosecution, which was resolved in plaintiffs' favor.

40. As a direct and proximate result of defendants' unlawful actions, plaintiffs have suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## FOURTH CLAIM
### Failure To Intervene

41. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

42. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

43. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

44. As a direct and proximate result of this unlawful conduct, Plaintiffs

sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### *Monell*

45. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

46. This is not an isolated incident. The City of New York (the "City"), through policies, practices and customs, directly caused the constitutional violations suffered by Plaintiffs.

47. The City, through its police department, has had and still has hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the constitution and is indifferent to the consequences.

48. The City, through its police department, has a *de facto* quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

49. The City, at all relevant times, was aware that these individual defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

50. The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

51. These policies, practices, and customs were the moving force behind Plaintiffs' injuries.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs request that this Court:

(a) Award compensatory damages against the defendants, jointly and severally;

(b) Award punitive damages against the individual defendants, jointly and severally;

(c) Award costs of this action to the plaintiffs;

(d) Award reasonable attorneys' fees and costs to the Plaintiffs pursuant to 28 U.S.C. § 1988;

(e) Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demand a jury trial.

DATED:   April 29, 2022

Brooklyn, New York

_____
Amy Rameau, Esq.

The Rameau Law Firm
16 Court Street, Suite 2504
Brooklyn, New York 11241
Phone: (718) 887-5536
amywmrameau@hotmail.com

*Attorney for Plaintiffs*

TO:         All Defendants
               Corporation Counsel of the City of New York